**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WILMINGTON AIR VENTURES IV, INC., and DELISA AIRCRAFT MANAGEMENT, INC. ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 07-CV-280-JHP |
| SOUTHWEST AVIATION SPECIALTIES, LLC, and DAVID C. GUZMAN, an individual, ) ) ) ) | |
| Defendants. ) | |

## ORDER AND OPINION

Before the Court are the Motion to Remand (Docket No. 13) filed by Plaintiffs Wilmington Air Ventures IV, Inc. and DeLisa Aircraft Management, Inc., the response (Docket No. 15) by Defendants Southwest Aviation Specialties, LLC, and David C. Guzman, and Plaintiffs' reply (Docket No. 16) thereto.  Plaintiffs request that the Court remand this action to the District Court of Tarrant County, Texas, pursuant to 28 U.S.C. § 1447(c) and award Plaintiffs their attorney fees and costs incurred in preparing and filing their motion.  For the reasons stated below, Plaintiffs' motion is hereby GRANTED.

## Background

On December 11, 2006, Plaintiffs, the owner and manager of a Gulfstream II multi-engine jet airplane, filed suit in the District Court of Tarrant County, Texas, against Defendant Southwest, a company that performs various aircraft-related services, including installing and repairing aircraft avionics, and its sole member and manager, Defendant Guzman.  In their state court petition, Plaintiffs allege that Defendants breached an agreement to provide aircraft-related goods and services and to install and modify the Gulfstream II so as to meet Federal Aviation

Administration standards.

Defendants filed their Notice of Removal on May 11, 2007, alleging that "[t]his Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states." (Defs.' Notice at 2.) In response, on May 22, 2007, Plaintiffs filed their Motion to Remand. In their motion, Plaintiffs allege that "Defendants' removal contravenes the express language of 28 U.S.C. § 1441(a) and (b)." (Pls.' Mot. at 2.)

## Discussion

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have jurisdiction, may be removed...to the district court...*for the district and division embracing the place where such action is pending*." 28 U.S.C. § 1441(a) (emphasis added). Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted). Moreover, as the parties seeking removal, Defendants bear the burden of proving that removal is proper. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

Defendants do not dispute that this Court is not "the district court...for the district and division embracing" Tarrant County, Texas. Thus, Defendants impliedly concede that they removed this action in violation of 28 U.S.C. § 1441(a). In nevertheless arguing that remand is unnecessary, Defendants cite *Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996), asserting that the case stands for the proposition that "a United States District Court may properly deny a motion to remand on alleged grounds of improper removal so long as the United States District Court had jurisdiction at the time final judgment was entered in the case." (Defs.' Resp. at 2.) Setting

aside the fact that this case is far from final judgment, the Court notes that *Caterpillar* does not stand for the proposition asserted by Defendants. Instead, in *Caterpillar* the Supreme Court held that "a district court's *error in failing to remand a case improperly removed* is not fatal to ensuring jurisdiction if federal jurisdictional requirements are met at the time judgment is entered." *Caterpillar, Inc.*, 519 U.S. at 64 (emphasis added). As is clear from the quoted passage, in no sense did the Supreme Court conclude that a district court may properly deny a valid motion to remand on the basis that it would otherwise have jurisdiction; instead, the Court merely refused to overturn the final judgment reached in a case where the impediment to subject matter jurisdiction underlying a valid motion to remand that was improperly denied had ceased to exist prior to final judgment.

Both the clear statutory language and the weight of authority support the proposition that defendants may not remove a state court action to a district court outside the federal district in which the state court is seated. *See PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 72 (2d Cir. 1998) ("[A] party may challenge removal as itself improper, or as having been made to the wrong district court if the case was removed to a district court other than that "embracing" the state court in which the action was brought."); *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 535 (6th Cir. 2002) ("There is only one federal venue into which a state court action may be removed, and that is in the statutorily dictated 'district court...for the district and division embracing the place where [the state court] action [was] pending.'")

In contrast, Defendants have failed to identify any authority supporting their removal of an action filed in a Texas state court to the United States District Court for the Northern District of Oklahoma. Accordingly, insofar as it requests that this Court remand this action to the District Court of Tarrant County, Texas, Plaintiffs' motion is granted.

In addition, Plaintiffs request an award of attorney fees and costs incurred in preparing and filing the instant motion. The Court notes that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Although the decision of whether to award costs and fees is left to the discretion of the district court, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*.

Given the clear statutory language, the Court concludes that Defendants did not have an objectively reasonable basis for removing Plaintiffs' action to this Court. Indeed, as Plaintiffs correctly note, even if this action had been filed in a state court within the Northern District of Oklahoma, Defendants could not have properly removed the action to this Court because Defendants are citizens of Oklahoma and seek to remove this action pursuant to the Court's diversity, rather than federal question, jurisdiction. *See* 28 U.S.C. § 1441(b) ("Any [civil] action [other than one founded on a claim or right arising under the Constitution, treaties or laws of the United States] shall be removable only if none of the...defendants is a citizen of the State in which such action is brought.") Accordingly, the Court finds that awarding Plaintiffs their attorney fees and costs incurred as a result of Defendants' removal of this action is just and appropriate under the totality of the circumstances.

## Conclusion

For the reasons asserted above, Plaintiffs' Motion to Remand (Docket No. 13) is hereby GRANTED. The Court orders the Court Clerk to remand this action to the District Court of Tarrant County, Texas. The Court further awards Plaintiffs their attorney fees and costs incurred

as a result of Defendants' removal. The Court directs Plaintiffs to submit a statement of attorney fees and costs by July 16, 2007.

IT IS SO ORDERED this 22nd day of June, 2007.

James H. Payne
United States District Judge
Northern District of Oklahoma